9368

### GEER DRUG CO. v. ATLANTIC COAST LINE R. CO.

(88 S. E. 447.)

INTOXICATING LIQUORS—OFFENSES—LIQUORS PROHIBITED—"INTOXICATING LIQUOR."—Liquor which will not intoxicate by immoderate use because one using it "would become sick long before he becomes intoxicated" is not "intoxicating liquor" forbidden to be delivered within the State by act Feb. 20, 1915 (29 St. at Large, p. 140).

Before Moore, J., Charleston, June, 1915.    Affirmed.

Action by the Geer Drug Company against the Atlantic Coast Line Railroad Company.    From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden & Rutledge,* for appellant, cite: 29 Stats. 140; Crim. Code 824, 796.

*Messrs. Moffett & Hyde,* for respondent, cite: Revised Stats. U. S. (Revenue Law), sec. 3449; 25 Kan. 751; 37 Am. Rep. 284; 23 Cyc. 58; 43 Am. Rep. 787; 40 Fed. 454; 39 Fed. 605; 69 Fed. 145; 170 Fed. 315; 94 S. C. 444; 145 N. W. 451; 86 S. E. 1070.

April 4, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff alleges that the defendant has in possession a shipment of 110 crates of Pabst Malt, the "Best Tonic" the property of the plaintiff, and refuses to deliver it to the plaintiff on demand.    The defendant admits its possession of plaintiff's malt, but alleges that it cannot deliver the malt by reason of this statute: Acts of 1915, p. 140:

FOOTNOTE.—As to what medical or toilet preparations containing alcohol are, or are not, within the purview of statutes prohibiting sale of intoxicating liquors, see note in 13 A. & E. Ann. Cas. 638.

"Section 1. That it shall be unlawful for any person, firm, corporation or company to ship, transport or convey any intoxicating liquors from a point without this State into this State, or from one point to another in this State, for the purpose of delivery, or to deliver the same to any person, firm, corporation or company within this State, or for any person, firm, corporation or company to receive, or be in possession of, any spirituous, vinous, fermented or malt liquors or beverages containing more than 1 per cent. of alcohol, for his, her, its or their own use, or for the use of any other person, firm or corporation, except as hereinafter provided."

The case was tried without a jury on an agreed statement of facts, the essentials of which are: The malt is a medicine, prescribed by reputable physicians as a medicine. That it is manufactured and sold as a medicine, and contains no more alcohol than is necessary to hold the medicinal agent in solution. That it is prescribed for women, particularly in the "lactated period." It is sold as "Best Tonic," and complies with the United States law as to pure drugs, and is not subject to internal revenue tax. That it contains not more than 5 per cent. of alcohol. The case was tried on the agreed statement of facts without a jury, and judgment was rendered for plaintiff for the possession of the malt, on the ground that it is not an "intoxicating liquor" within the statute.

It is alleged, and not denied:

"That, owing to its composition, it will be impossible for any person to become intoxicated by its immoderate use, for the reason that said person would become sick long before he becomes intoxicated."

This statement being made and not denied, it becomes a fact in this case, and we must hold that it is not within the statute.

The judgment is affirmed.